United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61191
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

LEON ROBINSON, also known as Willie Earl Robinson,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CR-90
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Leon Robinson was convicted of possessing a firearm in violation of 18 U.S.S. § 922(g)(1) and was sentenced as an armed career criminal. Robinson has appealed his conviction and his 262-month sentence. Robinson argues that the district court erred by admitting into evidence a detachable magazine, bearing Robinson's fingerprint, which was found with the firearm identified in the indictment. He contends that the magazine should have been excluded from evidence because its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

potential to prejudice the jury exceeded its probative value.
Robinson further argues that his sentence violates the Sixth
Amendment because it is based in part on facts not found by the
jury or stipulated to by Robinson.  He suggests that his sentence
is unreasonable under United States v. Booker, 543 U.S. 220
(2005), because the trial court considered his use of the firearm
in the armed robbery as relevant conduct under the United States
Sentencing Guidelines.

We conclude that the admission of the magazine into evidence
was within the broad discretion of the district court.  United
States v. Wilson, 355 F.3d 358, 361 (5th Cir. 2003).  The court
instructed the jury that the magazine was not an illegal weapon,
and Robinson's fingerprint on the magazine is probative of the
fact that Robinson possessed the firearm.  Id.

The district court's consideration of Robinson's relevant
conduct in determining the appropriate guidelines sentencing
range did not violate the Sixth Amendment.  United States v.
Alonzo, 435 F.3d 551, 553 (5th Cir. 2006); United States v.
Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, ___ S. Ct.
___, 2006 WL 1584471 (2006) (No. 05-10908).  Robinson's sentence,
which is at the bottom of the properly calculated advisory
sentencing guidelines range, is not unreasonable and,
accordingly, it is affirmed.  Alonzo, 435 F.3d at 554-55;
Johnson, 445 F.3d at 797-98.

AFFIRMED.